Good morning, Your Honors. May it please the Court, Judge Alecan, Judge McEwen, Judge Holland. My name is Gail Natale for Mr. Simmons, and with me at counsel table is Keith Hilzendegger, J.D., who is with the Federal Public Defender Capital Habe Unit. I'd like to resume two minutes from the model. All right. Well, Your Honors, the narrow issue for this Court to decide is whether the district court erred in invoking procedural default to preclude review of Mr. Simmons's claims where the State misapplied its procedural bars. And the answer should be a resounding yes. Before I – because procedural facts are important to this case, we did make a couple of misstatements in our opening brief. On page 4, the superior court did not expressly give Mr. Simmons an opportunity to file a supplemental brief. That's ER 56. And on the same page, we said he filed a second notice of post-conviction relief, but it was actually a second petition, and that's ER 58. The remedy that we seek is for this Court to remand Mr. Simmons's case to the district court, to instruct the district court to, well, stay and obey, I guess, to have the State court go back to the beginning from the time that Mr. Simmons filed his notice of post-conviction relief. How does stay and obey come into the case when this isn't a mixed petition? It isn't a situation where there are exhausted and unexhausted claims? Well, the State court, in effect, says, too bad, Mr. Simmons, you're out of luck. But the State court did not, through its own missteps, through its own inconsistent application of its own rules, didn't rule on Mr. Simmons's claims at all. And the State court should have the first opportunity to decide the issues raised in that court. And, in fact ---- It's pretty clear to me that the State made some mistakes. It's real clear. Yes. But it's not clear to me that the mistakes had to do with the application of their bar rule. Well, because of the State's or the court's mistakes compounded by the State, the inconsistent application of the rules, they said, Mr. Simmons, you didn't file a timely petition. Mr. Simmons, you're out of luck. Where he had filed a timely petition initially, and even his second petition was timely under 32.4c, which gives an unrepresented defendant 60 days in which to file a proper petition and the superior ---- Let me just see if I can understand the real problem. There's two parallel tracks, Petition No. 1 and Petition No. 2. And Petition No. 1, he moved for reconsideration on it because of the briefing issue, and that's never been ruled on. Is that correct? No. Petition No. 1 was completely ignored. The court ---- the superior court instead appointed counsel, even though his notice of postconviction relief said he didn't want one, appointed the same lawyer who had done his appeal, who apparently sat on it. Once Mr. Simmons got notice that a lawyer was appointed, he wrote to Mr. McGee and said, I don't want a lawyer. This was in December. Then in February, McGee finally comes around and says, I move to withdraw. Two weeks later, on February 26th, the court granted the motion to withdraw, at which point, under 32.4c, Mr. ---- You know what, you're not answering my question because ---- I'm sorry. It's confusing here. I thought that the ---- he's got two what are called PCP petitions. The second one they actually ruled on. The first one they didn't. Is that correct? That's correct, Your Honor. So in the second one, they said, oh, well, you can't bring these claims because you should have brought them in your first one. Is that correct? No. They said you can't raise these claims because you're precluded because it's beyond 30 days of the court of appeals mandate. Right. But the first one in which he could bring these claims, in which he did file, actually was never definitively ruled on. It's just sitting there in the court still today. Is that correct? It was completely ignored. And at one point, the county attorney kind of acknowledged that it was there and said, well, we're not going to respond until the lawyer files something supplemental. But to actually acknowledge his first petition, it wasn't until the magistrate judge said, oh, yeah, it's here, but never mind. So all you're asking is that the Federal case be stayed and wait until the State court rules on that petition one way or the other. Well, actually, Your Honor, we think because the inconsistent application is the reason that all of this stuff, that everything Mr. Simmons filed was ignored because he was pro per in the best of all possible worlds, we would like to see it through the district court, get back to State court, to the time of the notice, and give Mr. Simmons a chance this time to have counsel if he wants, because with the counsel Well, maybe, you know, maybe I'm not communicating very clearly. I said it's what you want for the Federal case to be in effect stayed so the State court can make a decision. You don't want that? Yes. You do want that? Yes. But we would also like Mr. Simmons to have the opportunity for a lawyer because Do you want the Federal court to order him a lawyer in State court? No, no, no, no. We would like the State court to go back to square one. But we can't do anything about that. I mean, really, what I'm trying to limit this to is what can happen in the Federal court, because we can't order the State of Arizona to give him a lawyer. Right. Just get it back to State court at the point where he filed his notice for post-conviction relief. His first one? Yes. His very timely first notice, which was within three days of the court of appeals mandate. Maybe it was even three days before the court of appeals mandate. And another issue is that the district court was reviewing the cause and prejudice standard, and under Nardi, all the district court should have done was give a quick look to determine whether Mr. Simmons' claims were constitutional issues. And the State court should have the first opportunity to review Mr. Simmons' PCR claims. And I guess I have two minutes. All right. Thank you. May it please the Court. My name is J.D. Nielsen. I'm an assistant attorney general from the State of Arizona, representing the appellees in this matter. Our position is that the trial court's dismissal of the successive post-conviction relief petition was supported by a correct application of Arizona law. What appears to have happened from this record, and it is a convoluted record, the petitioner did file a pro se petition on his own. The court apparently, it appears that the court overlooked that. Appointed him counsel. He didn't want counsel to represent him. So counsel withdrew. And then the court dismissed that first action. The court dismissed his first PCP? Or are you talking about they dismissed the one filed by counsel, which I'll call the second one? No. They dismissed the first one on March 20th, 2002. Defendant, having failed to file a supplemental pro per petition. Correct. And then he filed a motion for reconsideration. Yes. That's never been ruled on. I don't know if it has been ruled on or not. I was under a misconception. See, that's my problem is that I know they denied it, but they said because as a pro per he should have filed this brief. But then he moves to reconsideration to try to explain the convoluted situation he's in and now we're in. That's on April 16th, 2002. My understanding is that that proceeding now doesn't have a final resolution because, for whatever reason, the court never ruled on it. So my question is, or at least there's no evidence in this record, if that's the case, why wouldn't we just let it go back to rule on what was petition number one, which he did file timely? And, you know, maybe he'll lose again. I don't know. But why wouldn't we just go back on that? Well, I don't think it matters in this case because he filed a successive petition which the court found time-barred. Then he filed a motion, excuse me, for consideration off of that where he pointed out this first error. The trial court denied that. That went properly up to the court of appeals and to the Arizona Supreme Court. So we do have a resolution on this. These matters are time-barred. That argument has been resolved, was resolved in the second – well, it was raised in the second PCR, and the courts of Arizona have found that that's time-barred. And doesn't it follow from that that the district court should have done what it did? I'm sorry, Judge? Doesn't it follow from what you just stated, that the district court should have engaged in the analysis that it engaged in as to whether there was cause and prejudice and make its decision because the claims were defaulted? Yes, Your Honor. Yes, Your Honor. And that's what happened in this case. The magistrate judge found cause and then determined that there wasn't any prejudice. The district court didn't adopt the cause finding, but went on and said there was no prejudice here. The State didn't object to the report and recommendation because we prevailed. Certainly our position, and it's argued in my brief, is that the trial court's mistake in overlooking this petition is not the cause of the time bar in this matter. And I think one way of illustrating that is if, in the first PCR proceedings, if the trial court had denied relief on the merits. You're talking about the State trial court? Yes. Yes, Your Honor. If the State trial court had denied relief on the merits in the first proceeding, the Petitioner's second petition would still be time-barred. This time bar came about because the Petitioner chose to file a second successive petition for post-conviction relief instead of properly filing a petition for review to the Arizona Court of Appeals off the decision on the first PCR. Well, that raises a question, though, is if you have a motion for reconsideration pending, how would you file a request to the Arizona Court of Appeals on something that hadn't been finally decided? Well, he certainly could have chosen to do that instead of filing a successive petition. He could have filed a second motion with the Court, but he didn't choose to do any of those things. He chose to file a successive petition. And certainly it's his own choice. This is a pro se who was initially appointed counsel in this matter, and he chose to proceed on his own. He made a procedural mistake, but it was his mistake to make. It doesn't excuse, it didn't cause the procedural bar on the second one. Well, see, the second one makes sense because he's out of luck. He's too late, defaulted. But that doesn't answer what happens to the first one. That's what my concern is. I totally agree. The second one, everybody was correct, and he did a weird procedural move, and it was the wrong roll of the dice. But I'm still concerned about the yet unresolved case in Arizona. In the first. In Maricopa County, right. In his motion for reconsideration off the denial of the second petition, he did argue that he did, in fact, file a petition in the first matter. So the trial court did consider that. It did deny him relief based on the time bar, but that was in front of the trial court. And then that went up, as it's supposed to happen in Arizona, that went up to the Court of Appeals and the Supreme Court. Those were summary denials. But the matter was before the trial court, you know, in the second, in the second PCR proceedings. So. Scalia. Are you saying that, therefore, the trial court, the State trial court, did rule on the motion for reconsideration on the merits? The trial court certainly had that in front of them in the second proceedings. Scalia. It's true. Did it rule on the merits? Not specifically, because it relied on the time bar. Which was the second one. That's right, but it certainly had all these arguments in front of it, as did the Court of Appeals for Arizona and the Arizona Supreme Court. Certainly, our position is that the Arizona courts have spoken on this. He tries to he can't go back and file another petition. It's going to be time barred. Can he go back and ask the Arizona court to rule on what appears to be pending there, an undecided motion to reconsider? I don't think he can, because he raised those issues in. In the second one. In the second one. Yeah. I think, you know, he's made some procedural errors in this case. Well, he didn't make that procedural. I mean, in other words, this is my. You know, I don't know why people fight so hard. We spend so many hours figuring out these little things. 99 percent of the time they lose. But sometimes there's no idea if he has a case or doesn't have a case. And I never understand why they fight so hard. All we'd have to do is have the superior court rule on his motion for reconsideration. I mean, it's still pending. Maybe, you know, I don't know why he couldn't go back and ask them, by the way, you still this is still pending. Now, maybe they'd say it was somehow usurped by the court of appeals sweeping it in. But I'm still kind of hard-pressed to figure out why, if he still has this case pending that they never ruled on, finally, he's out of luck completely. Well, and my argument to that, Judge, and apparently you don't like it, but my argument to that is he raised those issues in his second. No, no. Like it or not like it, I, you know, it is – I understand what you're saying is he raised it, so somehow it gets swept into the second petition is what you're saying. It was before the court. It was before all three Arizona courts. Mm-hmm. And the trouble I'm having is that you're relying on an adequate and independent State ground. Yes. Is that right? But the State didn't follow its own procedure in ruling on the motion for reconsideration. Isn't that true? Well, the adequate – what I'm relying on is the time bar, and that's what's at issue here. Whether the Arizona courts made a procedural mistake, that's a matter of State law. It's not a matter of Federal law. But if we agree with you, you said, you know, they're absolutely right, certainly as to the second petition, and I don't have any – I mean, I understand where you're coming from because it's a messy record, and I understand your position, so – but as to the procedural bar, they're right as – certainly right as to the second one. Can a court of appeals in effect wipe out a motion for reconsideration in terms of a procedural matter, a pending motion in a superior court? Can the State court of appeals, as a matter of regular procedure, basically kind of wipe that out? I certainly can't address that with any Arizona case law, but I think when you're I would – I would say yes. So you would say that because in his second petition he told the trial court, I still have the first one, that it somehow ruled on the first one? Yes. He raised that issue. It was before all three courts. My time is up. I'm sorry. I'm not sure I'm persuaded about that. But isn't – does not the analysis that the district, the Federal court did about prejudice, in theory at least, cover up the problems that went on in State court? Doesn't it in effect say, yes, things went wrong, but there's no prejudice, no Federal prejudice to this defendant? It certainly did in connection with its prejudice analysis. Since these were Sixth Amendment claims, it did a Strickland analysis, which is basically a merits analysis. And I couldn't find any case law suggesting that you use some different standard in connection with cause and prejudice of a Sixth Amendment claim other than Strickland. And I don't know if you could, because, again, we're concerned with actual prejudice under the cause and prejudice matter. So I think the Court was correct. In effect, he got a merits determination. Out of the Federal court. Yes, he did. Okay. Thank you. Thank you. Thank you, Your Honors. Judge McKeown, you're absolutely right. The Court didn't – the Court – Blackletter Law Court speaks through its journal, and the minute entry at ER 60, dated May 2nd, filed May 3rd, addresses the second petition for post-conviction relief and says not word one about Mr. Simmons's motion for reconsideration. So that's – But it's not the State's argument, though, that he basically – I mean, you've got quite an analysis. He basically got a whole hearing in Federal court on the merits because of the prejudice issue. Well, he shouldn't – the State court should have had the first opportunity. Under – again, under Nardi, the function of the district court in such a situation is just to take a quick look to determine whether the claims raised are constitutional claims. And it – and also, the State blames Mr. Simmons for not using the proper procedural device for obtaining the second look, but the State ignores the crucial fact that Mr. Simmons was proceeding without counsel. And Stevenson v. Arizona Board of Pardons pro se habeas corpus relief should be liberally construed and read with a measure of tolerance. But, Your Honor, as an aside, looking at Rule 32.4c, the last paragraph, the trial court's dismissal of Mr. Simmons' second petition, which is really a hand-copied copy of the first petition, was not time-barred because a – a petitioner proceeding without counsel has 60 days. So arguably, or by analogy, from the time that Mr. McGee was excused or his motion to – his motion to withdraw was granted on February 26th, Mr. Simmons would have had until April 26th to file a supplemental petition, and his second recopied – his copy of his first petition was within the 60 days. And, Your Honor, yes, we would be very happy if this Court decides to tell the – to remand to the district court to ask the superior court to rule on Mr. Simmons' motion for reconsideration. Thank you. Thank you very much. I thank both counsel for your arguments this morning. And the case of Simmons v. Shiro is – how do you pronounce that anyway? Shiro? Shiro. Shiro is submitted, because we have a lot of those today. Thank you.
judges: Alarcon, McKeown, Holland